STATE MUT. FIRE INS. CO. v. TAYLOR.

(Court of Civil Appeals of Texas. Dallas. May 17, 1913. Rehearing Denied June 7, 1913.)

1. APPEAL AND ERROR (§ 301*)—MOTION FOR NEW TRIAL—OBJECTION TO CHARGES.

It is not necessary that the action or ruling of the court in the giving and refusing of charges be included in the motions for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

2. INSURANCE (§ 669*) — INSTRUCTION — APPLICATION TO EVIDENCE.

Where the evidence in an action on a policy of fire insurance warranted the finding that the verbal contract insuring plaintiff's property was entered into as alleged, and comprehended the time, the premium, and the rate of premium, defendant's requested instruction of a verdict on the ground that the evidence had not shown the terms of the policy, the premium, or the rate of the premium was properly refused as being inapplicable to the evidence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1771–1784; Dec. Dig. § 669.*]

3. TRIAL (§ 260*)—REQUESTED INSTRUCTION —GIVEN INSTRUCTION.

Requested instructions which, in so far as they embodied correct propositions of law, were covered by the court's main charge, were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. APPEAL AND ERROR (§ 216*)—PRESENTATION OF GROUNDS OF REVIEW—ABSENCE OF REQUEST FOR CHARGE.

An error of omission in a charge of the court furnishes no ground for a reversal, in the absence of a request for a correct charge on the subject.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 630.]

5. INSURANCE (§§ 128, 131*)—VALIDITY OF ORAL CONTRACT—MUTUAL COMPANIES.

A contract of insurance can be effected by parol in the absence of any requirement of the by-laws or charter of a mutual insurance company, or of any statutory provision, and its oral contract of insurance or executory agreement to insure, which leaves nothing to be done but to issue and deliver the policy, is valid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 188–193, 203–209; Dec. Dig. §§ 128, 131.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6. INSURANCE (§ 137*)—POWERS OF AGENTS—CREDIT FOR PREMIUMS.

A general agent of an insurance company, even though in violation of the rules and regulations of his principal, may give credit for premiums.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 231–245; Dec. Dig. § 137.*]

7. INSURANCE (§ 137*)—REQUISITES OF CONTRACT—RATE OF PREMIUM.

While the rate is an element of the contract which must be agreed upon, yet where the policy is for one year, and the proximate amount of the premium is known, and the exact amount is a mere matter of calculation, and the applicant agrees to pay whatever amount the premium should be, the contract can be enforced.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 231–245; Dec. Dig. § 137.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by D. F. Taylor against the State Mutual Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Manguin & Townsend, of San Antonio, and Terrell & Dannelley, of Dallas, for appellant. Wood & Wood, of Dallas, for appellee.

TALBOT, J. D. F. Taylor, appellee, brought this suit to recover of appellant the sum of $500 on an oral contract to insure certain household goods, furniture, wearing apparel, printed books, pictures, paintings and jewelry of the alleged value of $850, made by plaintiff and R. T. Malone, the general agent of appellant in the city of Dallas, Tex. The petition alleged, in substance, so far as necessary to state "that plaintiff on November 10, 1911, requested said agent to insure his property in the sum of $500 in defendant company, and that said agent replied that he would do so that day, or words to that effect, and then and there agreed with plaintiff that said goods were insured in said amount from that date and that he would issue the policy at once, or as soon as practicable, and that the property was destroyed by fire on November 14, 1911." The defendant pleaded a general denial, and that the agent, R. T. Malone, had no authority to make an oral contract of insurance, and that such contract, if made, was not authorized by or binding on the company, and that appellee had knowledge of such lack of authority, and that appellant being a mutual assessment company such contract, if made, would be in violation of the laws of Texas, and not enforceable and that the contract, if any, was automatically canceled by nonpayment of the premium. A trial of the case resulted in a verdict and judgment in favor of the plaintiff for $492.50, and defendant appealed.

[1] Appellee objects to a consideration of appellant's assignments of error on the ground that they are not briefed in accordance with the rules, but in view of the decision of the Supreme Court in Railway Co. v. Beasley, 155 S. W. 183, the objections will be overruled.

[2] The first assignment is that "the court erred in refusing to instruct the jury to find a verdict for the defendant, as requested by the defendant, after the plaintiff had closed his testimony and rested, for the reason that at that time it appeared from the evidence that nothing had been said or agreed upon as to the length of time the policy, if any, contracted for, should be issued, nor the premium that should be paid for such policy, nor the rate, nor did it appear what rate would govern, or what would be the result of an inspection, as to exposures, and for these reasons the evidence at such times did not show a complete contract for insurance, as shown by bill of exceptions No. 2." The assignment will be overruled.

1. The evidence was sufficient to warrant the finding that the verbal contract to insure appellee's property was entered into as alleged, and that its terms comprehended, in substance, all of those things which the assignment asserts did not appear to have been agreed upon.

[3] 2. There was no error in refusing the special charges requested and made the basis of the second, third, and fourth assignments of error, for the reasons that, in so far as they embodied correct propositions of law called for by the facts of the case, they were covered by the court's main charge.

[4] 3. If the fifth assignment discloses any error in the court's charge, the same was one of omission, and furnishes no ground for a reversal in the absence of a request for a correct special charge upon the subject. We think, however, the assignment discloses no error. The evidence, as we construe it, shows that it was very clearly understood and agreed between the plaintiff and the defendant through its agent, Malone, that the plaintiff's property was to be and was insured for one year at the usual and customary premium rate, which Malone testified could be ascertained and determined by a mere mathematical calculation.

4. The court did not err "in refusing to give instruction No. 2, requested by the defendant, to the effect that if the jury found from the evidence that the defendant is a mutual assessment fire insurance company, having by-laws, and that said by-laws only authorized a written contract of insurance with the company, if they do, and they further found that R. T. Malone made an oral contract for insurance, if he did, then such contract would not be authorized and binding on the company, and they should find for the defendant for the reason that it was shown by the evidence that the defendant was a mutual assessment fire insurance company and had by-laws, and that such by-

laws only authorized a written contract of insurance by the company." Nor did the court err in refusing to set aside the verdict for the reason that, if any such contract as is alleged by plaintiff was made, the same was one which appellee, as a mutual insurance company, was unauthorized to make, was contrary to law, illegal, and nonenforceable, as contended by appellant in its twenty-fourth assignment of error.

[5] The by-laws of the defendant do not specifically require that all of its contracts of insurance shall be in writing, nor do we find any statutory provision or provision in appellant's charter limiting the method in which the company may bind itself to written contracts. In the absence of such a requirement or provision, the great weight of authority is now to the effect that the right to make contracts of insurance like any other right of contracting exists as at common law, and that an oral or parol contract of insurance, or executory agreement to insure which leaves nothing to be done but to issue and deliver the policy, are valid and enforceable. Ellis v. Albany City Ins. Co., 50 N. Y. 402, 10 Am. Rep. 495. This is true with regard to mutual fire insurance companies. They may, within the rule stated, like other insurance companies, consummate contracts of insurance without the issuance of a written policy. Speaking of the capacity of mutual companies to contract by parol, the court in Brown v. Franklin Mut. Fire Ins. Co., 165 Mass. 565, 43 N. E. 512, 52 Am. St. Rep. 534, said that it could see no reason why the general rule should not apply to mutual companies, unless there was something in the statutes or in the by-laws of the company, which necessitated a different conclusion. See, also, Alliance Co-op. Ins. Co. v. Corbett, 69 Kan. 564, 77 Pac. 108; Zell v. Herman Farmers' Mut. Ins. Co., 75 Wis. 521, 44 N. W. 828; Loomis v. Jefferson Co. Patrons' Fire Relief Ass'n, 92 App. Div. 601, 87 N. Y. Supp. 5. That a contract of insurance can be effected by parol in this state is definitely settled by the cases of Cohen v. Insurance Co., 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24, and Insurance Co. v. Shaffer, 30 Tex. Civ. App. 313, 70 S. W. 566. The evidence was amply sufficient to show that R. T. Malone was the general agent of the appellant and authorized to issue and deliver insurance policies and collect the premiums; that such was the nature of the agency and powers conferred upon him that his acts were the acts of the appellant itself. The evidence further showed, without dispute, that Malone knew where plaintiff's goods were situated, and that he had been in plaintiff's home and had seen them; that the contract for the insurance was made on the 10th day of November, 1911, and that the fire which destroyed them occurred on the 14th day of November, 1911; that premiums were not collected before the issuance of policies, and that it was Malone's rule not to collect premiums until the 15th day of the month following the issuance thereof; that the premium was not demanded of Taylor at the time the oral contract was made in this case, and Malone himself testified that Taylor was able to pay the premium then. It further appears that Taylor, after the fire, offered to pay the premium, but that Malone refused to receive and accept same. It was understood that the insurance was to be for one year; and, while the precise amount of the premium was not known at the time the oral contract was made, yet both plaintiff and Malone knew what it was approximately, and plaintiff testified it was about $5 and not over $7.50, and that he agreed when the contract was made to pay the premium whatever it should be, and Malone testified the amount thereof was simply a matter of calculation. In rendering the judgment appealed from a deduction or allowance of $7.50 was made for the premium.

[6, 7] 5. It is a familiar law that a general agent, such as the proof shows Malone to have been, even though in violation of the rules and regulations of his principal, may give credit for premiums; and, while textwriters usually say that the rate is an element of the contract which must be agreed upon, yet it is not to be understood by this, we apprehend, that where, as in this case, the proximate amount of the premium is known, and the exact amount is a mere matter of calculation, and the applicant for the insurance agrees to pay whatever amount the calculation shows it to be, that the contract cannot be enforced. Mr. Joyce, in his work on Insurance, § 46, says: "All the essentials need not, however, be expressly negotiated upon since they may be understood, as where the terms of the usual policy are presumed to have been intended, or where the usual rate of premium is presumed to have been meant." As heretofore stated, Malone testified in effect that it was understood by him and the plaintiff that the insurance, or duration of the policy in this case, was to be for one year.

6. There are several assignments of error complaining respectively of the court's action in giving and refusing charges and the admission of certain testimony. Some of these assignments have been disposed of against appellant by what has already been said, and none of them disclose reversible error. The evidence supports the verdict, and the judgment rendered thereon is affirmed.

Affirmed.