AUSTIN FIRE INS. CO. v. BROWN.

(Court of Civil Appeals of Texas. Amarillo. Nov. 8, 1913. Rehearing Denied Nov. 29, 1913.)

1. INSURANCE (§ 131*)—PRELIMINARY ORAL CONTRACT—VALIDITY.

A preliminary oral contract of insurance will bind the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 203–209; Dec. Dig. § 131.*]

2. INSURANCE (§ 378*)—CONTRACT—VALIDITY —OWNERSHIP OF PROPERTY.

That persons other than the party to a preliminary oral contract of insurance owned interests in the property insured did not invalidate the contract where the insurer's agent knew the facts in relation to the ownership and that the contract was for the benefit of all the owners.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 968–997; Dec. Dig. § 378.*]

3. PRINCIPAL AND AGENT (§ 54*)—CONTRACT— AUTHORITY OF SUBAGENT.

A person authorized by an agent of a fire insurance company to represent him in negotiations for insurance has the same power to bind the insurance company to a contract of insurance as has the agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 87–90; Dec. Dig. § 54.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. APPEAL AND ERROR (§ 569*)—PRESENTA-TION FOR REVIEW—STATEMENT OF FACTS.**

Plaintiff in error's objection that he did not obtain a fair statement of facts could not be considered when presented by a bill of exceptions which was refused by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

**5. APPEAL AND ERROR (§ 573*)—STATEMENT OF FACTS—DUPLICATE.**

A statement of facts prepared by the trial judge, upon a disagreement between counsel in reference thereto, need not be prepared in duplicate but need only be filed with the clerk of the court, where the case was tried, as part of the record of the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2560, 2562–2564, 2566; Dec. Dig. § 573.*]

**6. INSURANCE (§ 131*)—LIABILITY OF INSURER—PRELIMINARY ORAL CONTRACT.**

Where a complete preliminary oral contract of insurance was entered into and the company ordered the cancellation of a policy issued thereon the day before the fire occurred, and such policy was never delivered or attempted to be delivered to the insured, and liability was denied by the company, the oral contract was determinative of the company's liability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 203–209; Dec. Dig. § 131.*]

Error from Cottle County Court; W. E. Prescott, Judge.

Action by C. L. Brown against the Austin Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 147 S. W. 680.

Wm. Thompson and Will C. Thompson, both of Dallas, for plaintiff in error. R. D. Browne, of Paducah, for defendant in error.

HENDRICKS, J. Quoting from plaintiff in error's brief: "This is a suit by C. L. Brown, in the county court of Cottle county, Tex., against the Austin Fire Insurance Company, in which C. L. Brown has declared on a contract of fire insurance alleged to be in the sum of $420, which contract is alleged to have run from September 30, 1910, for 60 days, covering 4½ or 5 tons of broom corn, lost by fire, alleged to have occurred on September 28, 1910. Liability is alleged to have been denied soon after the fire. Plaintiff further alleged that Charlie Harper and Mitchell Halley owned with him an interest in the broom corn." The defendant specially answered that proof of loss provided for in the policy had not been made under the terms of the contract; that the risk was prohibited on account of the interest of other parties in the property, alleging the measure of damages in the policy, a warranty clause, and the breach of each of the particular provisions of the contract set up by it as defenses.

Plaintiff, by an amended supplemental petition, alleged that the policy was never delivered to him and that the contract of insurance was oral and completed as to the subject-matter, the consideration, duration of the contract, and that the terms were in all

things consummated. We are inclined to think that the evidence of both parties shows a completed verbal contract of insurance, and the same is practically undisputed, making a different case upon the record than upon a former appeal reported in 147 S. W. 680.

[1, 2] A preliminary oral contract of insurance is held to be good. While in this case other parties are shown to have been interested in the property, however, in the record it seems to be practically undisputed that notice of the other interests was given to the agent of the insurance company and that the contract was for the benefit of Brown as well as for the other owners.

[3] There is a question raised in the record as to the agency of one Drummond, who seems to have conducted most of the negotiations with reference to the contract; the plaintiff in error asserting that he was not the agent of the fire insurance company at the time the contract was made and hence could not bind the company. The witness Drummond was placed upon the stand by the defendant and testified that at the very time the oral contract was made he was not the agent of the Austin Fire Insurance Company and did not become an agent of the company until afterwards. He, however, testified that he was representing Bowman, who it seems was the agent, with reference to the negotiations for the insurance, and, if so, he had the same power that the agent in fact could exercise; and any question with reference to his agency in fact really became immaterial.

[4, 5] The plaintiff in error complains, by a bill of exceptions, which was refused by the trial judge, that he did not obtain a fair statement of facts. The method used by him to present this to the higher court is such that we are unable to consider the matter. It seems that there was a disagreement between counsel representing the litigants as to the statement of facts, and the certificate of the court shows that, on account of such disagreement, the statement of facts was prepared by him as trial judge; neither does the law require that a duplicate, where this condition arises, shall be filed with the clerk of the court where the case was tried, as a part of the record of the cause.

[6] Plaintiff in error has numerous assignments predicated upon provisions of its policy of insurance, claiming a violation of the same by the defendant in error. It having been shown by the record that the fire insurance company ordered the cancellation of this policy a day before the fire occurred, and the same having never been delivered or attempted to be delivered to the defendant in error and liability denied by said insurance company, the oral contract of insurance, being complete, will control. Campbell v. American Fire Insurance Co., 73 Wis. 100, 40 N. W. 661.

A careful reading of this record, although

different from the record on former appeal, and the rather undisputed condition of the material facts, impels us as a matter of law to affirm this judgment. Most of the specifications of errors presented on account of this status of the record are immaterial.

Affirmed.