PAUL v. SWEENEY et al.   (No. 7245.)

(Court of Civil Appeals of Texas. Galveston. June 16, 1916. Rehearing Denied Oct. 5, 1916.)

1. ACTION ⚖=38(4)—MISJOINDER OF CAUSES —TORT—CONTRACT.

Where the tenant alleged that the landlord and his agents conspired to destroy his business, caused his office to be closed against him, publicly ridiculed and slandered, and accused him of dishonesty, to his damage in a sum certain, and claimed exemplary damages of a like sum, his petition was on a single cause and sounded in tort and not in contract for a breach of a lease, so that there was no misjoinder.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. ⚖=38(4).]

2. ACTION ⚖=48(1)—MISJOINDER OF CAUSES —TORT—CONTRACT.

A party may sue in one action for a breach of contract and for damages for slander where both claims grow out of the same transaction and are so connected that they may conveniently and appropriately be litigated together.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 471; Dec. Dig. ⚖=48(1).]

3. ACTION ⚖=48(1)—MISJOINDER OF CAUSES —TORT—CONTRACT.

The rule forbidding misjoinder of causes of action is a rule of convenience and expediency and should be construed with the broader rule for avoidance of multiplicity of suits.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 471; Dec. Dig. ⚖=48(1).]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Allen Paul against J. J. Sweeney and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

A. C. Allen and Cooper & Merrill, all of Houston, for appellant. Moody & Boyles, of Houston, for appellees.

LANE, J. Appellant, Allen Paul, brought this suit against J. J. Sweeney, William Giles, W. A. Smith, and E. A. Gray to recover alleged damage to his business. Plaintiff alleged in his petition:

(1) That plaintiff is engaged in the real estate, loan, and commission business, and has been so engaged for more than 20 years in the city of Houston. That for the past 7 years he has occupied office No. 405 in the Paul building, situated on the corner of Preston avenue and Fannin street in the city of Houston, in which office he has conducted his said business, and has advertised to his customers and to the public generally that said office is his business location, and the public in general and the clients and the people with whom he is best known know that said real estate, loan and brokerage business of this plaintiff is being conducted at said place.

(2) That heretofore, to wit, on the 1st day of February, 1915, the plaintiff leased said room from the defendant J. J. Sweeney and the estate of Frank Sheppard, whose estate was represented through his guardian, E. A. Gray, said J. J. Sweeney and the said estate of Frank Sheppard being at the time the owners in fee simple of the Paul building, and that upon the 7th day of April, 1915, plaintiff was lawfully entitled to the possession, occupancy, and use of said room, and was legally entitled to such possession by reason of said lease from said 1st day of February, 1915, up to the present time, and still is entitled to the possession and occupancy of said room.

(3) That the said J. J. Sweeney and the said E. A. Gray, by virtue of said guardianship of the estate of Frank Sheppard, are the owners and they have the actual care, control, and management of said building, and that the said W. A. Smith and the said William Giles were the agents and employés of the said other two defendants, and that they and each of them conspired and confederated together with themselves for the purpose of illegally ousting this plaintiff from the possession and occupancy of said room and office, and with the intent and purpose of destroying his character and business reputation, and for the purpose of ruining and destroying his reputation and character as a business man, agreed among themselves to illegally dispossess plaintiff of said premises, and to maliciously, willfully, and fraudulently circulate defamatory and derogatory statements of and concerning the reputation and standing of this plaintiff. And that the said W. A. Smith was in the actual control, charge of and management of said building, acting for and in behalf of the said E. A. Gray, as guardian of the said Frank Sheppard estate, and acted for and in behalf of the said J. J. Sweeney, owner of said building. That the said William Giles is related to the said J. J. Sweeney, and is general agent with full authority from the said J. J. Sweeney to do and perform any and all acts therefor and in his name.

(4) That heretofore, to wit, on the 5th day of February, 1915, the defendants and each of them, in pursuance of the aforesaid common design and fixed purpose, and intention to injure, damage, harass, embarrass, and

annoy this plaintiff unlawfully, and without any right, deprived this plaintiff of the possession of said office and barred his access and ingress thereto, and thereby ejected him wrongfully and unlawfully from said office. That during the time that said office of the plaintiff was closed the clients of this plaintiff and people with whom he had business came to see him at his place of business and were informed by the defendants and their agents that the plaintiff had been barred from his office because he could not pay his rent, and that during said time and now the agents and employés in and around said building, acting under the direction of the defendants herein and with their full knowledge and consent, are circulating all manner of false and malicious reports among the tenants of said building and the public in general about and concerning this plaintiff, and are deriding plaintiff and making fun of him in the hearing of various and sundry persons to the great humiliation and shame of this plaintiff, at his being shut out from his office and the refusal to permit him to occupy the same when he is entitled to it, and the jesting and joking remarks circulated among said employés and among said defendants in the building and in the presence of all kinds and character of persons, as well as among the friends and acquaintances of the plaintiff, has greatly humiliated, shamed, and degraded the plaintiff in the eyes of the public generally, and the community, and his character has been injured and damaged and his business totally destroyed and made worthless, to his great damage.

(5) Plaintiff further alleges that for many years prior to the acts and conduct of the defendants herein set forth, he has enjoyed a lucrative and profitable business as such real estate, loan, and commission agent, and had been able to acquire therefrom an income of approximately $5,000 per annum. That since the acts and conduct on the part of the defendants, and their unlawful and illegal acts and their false and malicious reports of and concerning him, his said business has been destroyed and made practically worthless, and that he is no longer able to carry the same on successfully and realize a profit therefrom.

(6) Plaintiff alleges that since the institution of this suit and up until the present time, the defendants and each of them have continued to annoy and harass him and to circulate all manner of false reports against him, and talked in the presence and hearing of others and of the employés of the building about the plaintiff in a derogatory manner. That the defendants have discharged some of the employés in charge of said building soon after plaintiff was ejected from his said office, and that when said employés were discharged the said W. A. Smith, acting as agent of the owners of said building and with due authority from the said defendants,

informed bystanders that they were dishonest, because no honest man would work for Allen Paul. That said statement was intended to convey the meaning to said persons hearing the same that plaintiff was a dishonest man and was not entitled to be treated by the public generally with trust and confidence. That plaintiff had formerly owned said building and these certain employés had been employed for him while he was the owner thereof.

(7) Plaintiff further alleges that all of the acts of the said W. A. Smith, as agent for the owners of said building and acting under the direction and authority of the said J. J. Sweeney, and the said E. A. Gray, personally, with reference to this plaintiff and all the false and fraudulent representations so made concerning, of, and about plaintiff, and the act and conduct in the unlawful ejecting of plaintiff from said office, were with the full authority of the said defendants, and each of them, and that each and all of them ratified and confirmed all of said malicious acts and conduct towards this plaintiff, and that thereby the said E. A. Gray personally, and the said J. J. Sweeney, as owner of said building, and the said William Giles, together with the said W. A. Smith, became liable to plaintiff for exemplary damages.

(8) Plaintiff further alleges that from and after the 1st day of February, 1915, and at the time of the grievances hereinbefore set out, that he was in a position and it was his intention and purpose, and that such intention and purpose had been disclosed to each of said defendants, to give his time and attention to said real estate, loan and commission business, and that he had severed his connection with all other business matters and was devoting his entire time and attention to this particular business, and that he had ample facilities and was capable of earning and would have earned in said business large sums of money from year to year, and was capable of and could have earned $10,000 per annum in said business. That said defendants by reason of the acts complained of prevented those who were to assist plaintiff financially from further assisting him as they had promised and agreed prior thereto, and by reason of all their false, malicious representations and statements as to the character and reputation of plaintiff have caused and induced such persons to refuse to support plaintiff financially, as they had agreed to do, and destroyed his character and reputation among his clients, and destroyed his business as such real estate, loan, and commission agent, and as the natural and approximate result of the said wrongful acts, statements, and declarations of the defendants, and their wrongful and unlawful ejecting him from said room, he has been actually damaged in the sum of $12,500.

(9) That by reason of said acts, representations, and declarations of each and all of

said defendants, and that by reason of the representations, statements, and declarations of the said W. A. Smith, acting under the authority and with the full consent and knowledge of each and all of the said defendants and by reason of the said malicious and wrongful acts and declarations of the defendants and each of them, have become liable to this plaintiff for exemplary damages, and that by reason of the defendants E. A. Gray and the said J. J. Sweeney, with full knowledge of the acts, declarations, and statements of the said W. A. Smith, their agent, about and concerning plaintiff and by reason of the same being false and maliciously made, and their ratification and confirmation thereof by the continual employment of the said W. A. Smith, they and each of them thereby became liable to plaintiff for exemplary damages, and that thereby plaintiff is entitled to recover from them for exemplary damages in the further sum of $12,500.

The defendants filed their answers to plaintiff's petition, and among other special exceptions, urged the following:

"They specially except to all of the allegations in said petition which undertake to join in the same action a claim for damages for breach of a contract of rental, with a claim for damages for slander, because the same would constitute a misjoinder of causes of action."

The trial court sustained said special exception, and upon the refusal of the plaintiff to amend his petition, or to elect to prosecute his suit separately, either for damages for breach of contract or for damages for slander, the case was by said court dismissed.

Allen Paul has appealed, and by his only assignment insists that the trial court erred in sustaining said special exception, and in dismissing said cause.

[1] It will be noted that the plaintiff alleges a conspiracy formed by all the defendants to destroy his business, and that to accomplish their purpose, all the defendants caused his office to be closed against him; that they publicly ridiculed and slandered him, and publicly accused him of dishonesty, etc., and that said wrongful acts, statements, and declarations caused actual damage to his business in the sum of $12,500, and that by reason of said acts, statements, and declarations being wrongful and malicious he is entitled to recover exemplary damage in the sum of $12,500. Plaintiff bases his right to recover for the wrongful acts, statements, declarations, etc., upon the theory that such acts, etc., were done, made, and declared for the purpose of destroying his business, and that such acts, etc., had that effect. We therefore conclude that plaintiff's petition declares upon one cause of action and not two, and that there was no misjoinder of causes of action.

[2] If, however, we are mistaken as to appellant's petition alleging but one cause of action, and that said petition in fact alleges a breach of contract brought about by acts, etc., joined in and encouraged by all the defendants, and that it also alleges slander of appellant, joined in and encouraged by all of said defendants, which grew out of the same transaction or connection therewith, and that said petition alleged two causes of action, still we think that said causes may be properly joined in one suit where the parties are the same in both, and that the trial court erred in sustaining appellees' said special exception, and dismissing appellant's suit.

"The right to sue in one action for a breach of contract and for damages for a tort, where both claims grow out of the same transaction, and are so connected that they may conveniently and appropriately be litigated together, is in accordance with the decisions of this state"  Houston, etc., Ry. Co. v. Shirley, 54 Tex. 125, at page 141; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S. W. 230; Cody v. Lowery, 91 S. W. 1109; M., K. & T. Ry. Co. v. Lightfoot, 106 S. W. 305; Stuart v. Telegraph Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623; Carter v. Wallace, 2 Tex. 206.

[3] The rule against multifarious or forbidding the misjoinder of causes of action is a rule of convenience and expediency, and should be construed with reference to the broader policy which enjoins the avoidance of a multiplicity of suits. The leading principle in our law and system of procedure is to avoid a multiplicity of suits, and to settle in one action the respective rights and claims of parties where they are of such a nature as to admit of adjustment in that mode. St. Louis Ry. Co. v. Hengst, 36 Tex. Civ. App. 217, 81 S. W. 832, 98 Tex. 630, writ of error refused; Chambers v. Cannon, 62 Tex. 293, and cases there cited. See cases cited volume 1, Ency. Dig. of Texas Reports, p. 132. See, also, cases above cited. The principle just stated has been repeated over and over again in the decisions, and need not be further considered here.

For the error of the trial court in sustaining appellees' said special exception and dismissing appellant's suit, the judgment rendered by said court is here reversed, and the cause is remanded for trial.

Reversed and remanded.