Fidelity & Casualty Co. v. Ballard & Ballard.

CASE 29—INSURANCE CASE—JANUARY 12.

# Fidelity & Casualty Co. v. Ballard & Ballard.

**APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.**

1. INSURANCE—CONTRACT BY PAROL.—In the absence of a statute so requiring, or a provision of the charter providing for the contrary, it is not necessary that a contract of insurance should be in writing. A parol agreement by the agent of an insurance company that a "Workman's Collective Policy" shall be in force until it was disapproved and notice was given to that effect, is binding, and the loss occurring between the application and the notification of its rejection is a loss for which the insurance company is bound.

2. SAME—PRACTICE.—Upon such an agreement an action may be brought at law.

3. SAME.—Insurance taken out by the employer for the benefit of his employee may be sued for by the employer without joining the employee, because he is a trustee of an express trust.

4. SAME.—If the beneficiary were a necessary party to such an action, failure to make the point by special demurrer would be a waiver of same.

PRYOR, O'NEAL & PRYOR, AND PHELPS & THUM FOR APPELLANT.

1. A plaintiff must recover upon his petition and his right of recovery can not be enlarged or extended in any way by the proof offered. If the plaintiff was entitled to the issual of the policy his action should have been in equity to compel the defendant to issue a policy. Eames v. Home Insurance Co., of New York, 94 U. S., 621; ——————— v. North American Insurance Co., 23 Wend., 25; Perkins v. Washington Insurance Co., 4 Cowen, 645; Tayloe v. Merchants Fire Insurance Co., 9 Howard, 390.

2. This is not an action brought by the plaintiffs as trustees nor is it a suit in which the party for whose benefit they claim such an arrangement was made, is a party.

W. B. DIXON AND E. P. HUMPHREY, FOR APPELLEE.

1. A verbal contract for insurance is binding and a suit at law may be brought to enforce it. Phoenix Insurance Co. v. Spiers, &c., 10 Ky. Law Rep., 254; Springfield Fire & Marine Insurance Co.

v. Jenkins, 9 Ky. Law Rep., 932; Am. & Eng. Ency. of Law, title "Insurance;" Walker v. Metropolitan Insurance Company, 56 Maine, 376; Audubon v. Excelsior Insurance Company, 27 N. Y., 221; Gerrish v. Insurance Company, 55 New Hamp., 358; Tayloe v. Merchants Fire Insurance Co., 9 Howard, 390.

SAME COUNSEL FILED AN ADDITIONAL BRIEF IN RESPONSE TO BRIEF FOR THE APPELLANT.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The parties are corporations,—the appellant an insurance company, the appellee engaged in the milling business. The appellee was desirous of taking out insurance policies,—one for its own protection, and one for the protection of its employes. It therefore made application to the appellant for two policies of insurance,—one known as the "Workman's Collective Policy," the other, as "Employers' Liability Policy." About the 18th of October, 1892, after some negotiations, applications were made for these policies.

This controversy is not in regard to a liability on the "Employers' Liability Policy" or Contract; hence it is unnecessary to state the terms of such policy or contract. The "Workman's Collective Policy," for which application was made, is one by which the appellant agrees to pay one year's full wages to the party injured in case of death, and one-half wages in fifty-two weeks for certain injuries. This policy was to be issued to the appellee for the benefit of its operatives. One of its operatives, Albert Heil, while in the discharge of his duties, was killed on October 27, 1892; and, on the day following, the appellant gave it notice that the application for the policy had been rejected. So, the employe lost his life between the date of the application and the notification of its rejection, although it appears that the appellant's agent, in Louisville, had received notice of the rejection of the application before the accident.

The appellee contends that the appellant, through its
agent, agreed, in consideration of its application and its
promise to pay the premium, that the insurance should be
in force until it rejected the application, and gave it no-
tice thereof.   The appellant admits that it made such an
agreement with the appellee, but with a condition that
the application was approved at the home office, in New
York City.   The agent of the appellee, negotiating for the
insurance, testifies that he thought he had made a formal
written application for the policy.   The appellant presents
an unsigned application, which it claims is the one which
was sent to the home office, and rejected.   The agent of
the appellee is unable to say whether or not the unsigned
application is the one which was filled out for the policy.
In effect, the contract, as contended for by the appellee,
is in parol, because, according to its claim, the policy was
not to be issued unless the application was approved at
the home office of the appellant; but until it was disap-
proved, and it received notice to that effect, the insurance
was to be in force.   The resident agent for the appellant,
who has charge of its affairs in this State, testifies that
he was authorized to, and did, make such contracts, though
he said it was his custom to give a writing to that effect.
Under the state of facts presented, the right of the ap-
pellee to recover depends upon whether or not the au-
thorized agent of the appellant made such an agreement.
It is not contended that such an agreement can not be
enforced.   Courts almost, if not uniformly have held that
such agreements are enforcible.

It was held in Phoenix Insurance Co. v. Spiers & Thom-
as, 87 Ky., 293, [8 S. W., 453], that a "contract of insurance
may be by parol.   It is not within the statute of frauds.
Such a contract, although in writing, may be changed by

parol, even though it provide that it shall only be done by writing, because men can not so tie their wills as not to be able thereafter to do by consent what the law allows."

It was said in Walker v. Metropolitan Insurance Co., 56 Me., 376: "At common law, contracts of insurance are placed on the same footing with other contracts, in respect to the capacity of the parties to contract, the subject-matter of the contract, and the mode of contracting. * * * It being competent for the defendants, as we have seen, to make a contract of insurance without issuing a policy, the decision of this question must depend upon the intention of the parties, as shown by their acts and declarations. * * *"

Chancellor Walworth said, in Sandford v. The Trust Fire Insurance Co., 11 Paige, 556: "I have not been able to find anything in the common law of England rendering it absolutely necessary that contracts for insurance should be in writing."

In Union Mut. Ins. Co. v. Commercial Mut. Marine Ins. Co., 2 Curt., 545, [Fed. Cas. No. 14,372], it was held that there was nothing in the common law which required the insurance to be in writing.

It was said in Commercial Mut. Marine Ins. Co. v. Union Mut. Ins. Co., 19 How., 318: "The common law must therefore determine the question; and, under that law, a promise for a valuable consideration to make a policy of insurance is no more required to be in writing than a promise to execute and deliver a bond, or a bill of exchange, or a negotiable note. So it has been held by other courts, and, we think, on sound principles."

The case of Tayloe v. Merchants' Fire Insurance Co., 9 How., 390, was an action in equity to compel the delivery of the policy which it was

claimed the company had agreed to deliver as an evidence of the contract of insurance; and it was urged that the remedy was at law, and not in equity. The court said: "It has also been objected that the plaintiff had an adequate remedy at law, and was not therefore under the necessity of resorting to a court of equity, which may very well be admitted. But it by no means follows from this that a court of chancery will not entertain jurisdiction. Had the suit been instituted before the loss occurred, the appropriate, if not the only, remedy would have been in that court, to enforce a specific performance, and compel the company to issue the policy. And this remedy is as appropriate after as before the loss, if not as essential, in order to facilitate the proceedings at law. No doubt, a count could have been framed upon the agreement to insure, so as to have maintained the action at law. But the proceedings would have been more complicated and embarrassing than upon the policy. The party therefore had a right to resort to a court of equity to compel the delivery of the policy, either before or after the happening of the loss; and, being properly in that court after the loss happened, it is according to the established course of proceeding, in order to avoid delay and expense to the parties, to proceed and give such final relief as the circumstances of the case demand.

In the absence of a statute so requiring, or a provision of the charter providing for the contrary, it is not necessary that a contract of insurance should be in writing. If parties have agreed to the terms of insurance, but the policy has not been issued, the insured could proceed in a court of equity, and compel the company to issue the policy. When a loss intervenes between the time the terms of insurance are agreed upon and the delivery of the

[17]

policy, which is but an evidence of contract, then the insured can, by an action at law, recover the amount authorized by the terms of the contract. In the event of loss before the delivery of the policy, if the insured desired by circuitous route to bring an action, and have adjudged to him the policy, he might do so, and then maintain an action at law to recover the loss which he sustained by the company's violation of the contract as evidenced by the policy, or the court, in equity, could render judgment for the amount of the loss. In the case at bar the plaintiff does not seek to have the court compel the company to issue a policy. It is confessed that the company had the right to disapprove the application and refuse to issue it. Therefore the plaintiff had no right to maintain an action in equity to compel the company to issue it. This action is at law to recover on the contract of insurance which was made to be in force until the company approved the application, or rejected it, and notified the appellee of such action.

We think the instructions were sufficient to submit to the jury the questions involved as made by the pleadings and evidence. If the beneficiaries, under the contract, should have been made parties plaintiff, the question should have been raised by special demurrer. Having failed to make the question in that way, it can not now be made. Besides, we are of the opinion that the plaintiff is the trustee of an express trust, and it is not necessary, under section 21, Civ. Code Prac., to join with it the person for whose benefit the action is prosecuted. The appellant did not ask that it be credited with any sum on account of premium due; hence can not complain that none was given. The judgment is affirmed.