UNITED ZINC COMPANIES, Appellant, v. GENERAL ACCIDENT ASSURANCE CORPORATION, Respondent.

St. Louis Court of Appeals, May 14, 1907.

1. INSURANCE: Employer's Indemnity Policy: Beneficiaries. A policy of insurance issued to a corporation for the benefit of its employees whose names were in a schedule attached to the policy, would not inure to the benefit of an employee whose name was not included in the schedule and who was not in the employ of the company at the time it was issued, though he afterwards became an employee and paid his portion of the premium.

2. ——: ——: Pleading: Variance. Where a corporation brought suit on a policy of insurance issued to it for the benefit of its employees, basing its action upon the written policy to which a schedule of employees to be benefited was attached, it could not recover on an oral contract modifying the policy so as to include an employee subsequently included in the list.

Appeal from Lawrence Circuit Court. — *Hon. F. C. Johnston,* Judge.

AFFIRMED.

*H. H. Bloss* for appellant.

(1) It will be observed that the policy had long before been delivered to plaintiff and since the list of

employees was constantly changing the mode of securing this list and the persons to whom it applied was a subject of subsequent oral arrangement. That Mr. Bishop had the power to make such arrangement for this foreign insurance company, in view of the fact that he was the general agent of the company, countersigned the policy, collected the premium and in fact did everything in respect to the insurance, can hardly be the subject of dispute, under the well settled law of this State. Laundry Co. v. Ins. Co., 151 Mo. 90; Ross-Langford v. Ins. Co., 97 Mo. App. 79; Thompson v. Ins. Co., 169 Mo. 12; Guarantee & Accident Co. v. Coal Co., 97 Mo. App. 623; Trask v. Ins. Co., — Mo. App. 625. These authorities just cited dispose of all there is in the contention of respondent, that Mr. Bishop could not make such arrangement because it would be varying the terms of the written policy, or contract, as put by respondent in its objection to the court, when the court sustained them in this contention, and following out this theory gave the demurrer. (2) It is held that the contract or agreement to insure is the principal act, and, if this is settled upon, it is immaterial whether the premium be then paid or waived. The formal execution and delivery of the policy may be subsequent, and if done, it relates back to the principal act and the insurance will take effect as of the date of the principal act. Brownfield v. Ins. Co., 35 Mo. App. 54; Keim v. Ins. Co., 42 Mo. 38; Worth v. Ins. Co., 64 Mo. App. 589; Baldwin v. Ins. Co., 56 Mo. 151.

I. V. *McPherson* for respondent.

(1) Plaintiff sought to prove an agreement by the evidence which was rejected to insure other persons whose names were not attached, who were not then employees of the plaintiff but might become such. This was engrafting a new agreement in the old one declared on in the petition. If the plaintiff sued upon a modified

contract he must tender an issue of the modification. Henning v. Ins. Co., 47 Mo. 425; Lanitz v. King, 93 Mo. 513; Turner v. Butler, 126 Mo. 131; Mfg. Co. v. School District, 54 Mo. App. 371; Harrison v. Railroad, 50 Mo. App. 332. (2) Plaintiff's proof is conclusive on it that the policy sued on did not cover the deceased for the reason first, the policy made the payment of the premium a condition precedent; and no premium was paid till after his death. There is nothing unconscionable or oppressive in such a provision. Giddings v. Ins. Co., 102 U. S. 108.

GOODE, J.—This plaintiff, the United Zinc Companies, a corporation, sues as a trustee of an express trust on an insurance policy issued to it by the defendant for the benefit of certain of plaintiff's employees. The first paragraphs of the policy are as follows:

"GENERAL ACCIDENT ASSURANCE CORPORATION, LTD.,
of Perth, Scotland.
"United States Offices, Philadelphia, Pa.

"In consideration of the statements, warranties and agreements in the schedule endorsed hereon and made a part hereof, which statement the assured makes on the acceptance of this policy and warrants to be true, and in further consideration of payment of premium proportionately as set forth in said schedule;

"Does hereby insure United Zinc Cos. (hereinafter called the assured), as trustee for the employees hereto attached, signed by the authorized agent subject to the provisions, conditions and limitations herein contained and endorsed hereon, from 12 o'clock noon, standard time, of time this contract is dated until 12 o'clock noon, standard time on the first day of June, 1905, and for such further periods, stated in the renewal receipts, as the payment of the premium in said schedule will maintain this policy and insurance in force to-wit:"

Then follow clauses providing the indemnities to be paid for various losses, among others, two hundred dollars for loss of the life of each employee insured. The policy was issued May 1, 1905, and had attached to it, when issued, a list of names of the employees insured. Said list did not include Ernest Clark, to recover indemnity for whose death is the purpose of the present action. On May 1, Clark was not in the employ of plaintiff and was not, of course, subject to the policy. He had been in plaintiff's service several times, and, as we gather from the evidence, was in its service a few weeks immediately following the date of the policy, but quit work for a while, resumed it early in June and in two or three days thereafter, to-wit, June 9, was accidentally killed. It is the theory of the plaintiff that inasmuch as the men in plaintiff's employ were changed now and then, the policy was intended to insure from month to month, such as happened to be working for plaintiff during a given month and were willing to contribute of their wages to pay for the insurance; the cost of which was twenty-five cents a week. Clark's name appeared in no list or schedule of employees to be benefited by the policy except one purporting to contain the names of those insured for the month commencing July 1, or subsequent to Clark's death. That list contained thirty-eight names besides Clark's, which was the thirty-ninth, and at the foot of the list. Defendant contends, and the evidence goes to prove, it was put on the list after the death of Clark by Bishop, the insurance company's agent at Aurora. In the caption of the paper, above the list of names, appears this clause: "The following list shows the amount of installments due from each policy holder named below for one month, commencing July 1." The payments were one dollar each and paid the premium for one month. At the conclusion of the evidence the court held plaintiff was not entitled to recover and thereupon, it took a nonsuit with leave. After appro-

priate motions an appeal was taken to this court.

The policy on its face undertakes to insure United Zinc Companies (plaintiff) as indemnity for the benefit of employees whose names were attached. Clark's name not being included in the schedule of attached names when the policy was written, and he being out of plaintiff's employ at the time, the insurance did not enure to his benefit. We have been unable to see how any advantage is to be derived by the plaintiff from the fact that his name appears on the schedule of names covered by insurance during July. The proof shows conclusively that this list was not made out earlier than the day after Clark's death; that is, on June 10. As it reads, it provided for insuring Clark during the month of July; which, of course could not be done, he being no longer alive. The theory of plaintiff's counsel seems to be that premiums for insurance had been collected from Clark for a month previous to his death; that these premiums were paid over to the agent of the company and in consequence Clark was really insured, though his name was not on the schedule. The agent of the insurance company himself made out the list of names; and, as we understand, the contention of plantiff is that, if Clark's name was omitted from the list, the company was guilty of the omission and, therefore can make no defense on account of it. This theory is inconsistent with the conceded fact that Clark had only re-entered plaintiff's employ two or three days before he was killed. However, the propriety of the court's action in forcing plaintiff to a nonsuit is to be determined by considering an offer of testimony made by plaintiff's counsel and excluded by the court. It was as follows:

"We offer to prove by George Stratton, that subsequent to the making of the policy of insurance, to-wit: May 1, 1905, that he had an arrangement with Mr. A. A. Bishop, being the same person who countersigned the policy of the defendant, that provided in substance, that

he was to collect and retain from the wages of the various employees engaged by the plaintiff in this mine, the sum of twenty-five cents per week and that he had collected from the various employees for the month of June the sum of twenty-five cents per week; that he had collected from Ernest Clark, deceased, the sum of twenty-five cents on the basis of twenty-five cents per week for the time he was in the employ of plaintiff and that that premium had been paid over to him out of the wages of Ernest Clark, at the time of the injury to the deceased, subject to the call of A. A. Bishop the agent of the defendant; and that he didn't call for the money, however, until June 10, 1905, when the money collected from the deceased, prior to his death, out of his wages, was paid over to him with the others, and when he executed the receipt identified by the stenographer. We also offer to prove that he agreed to take the list of employees to be covered by the policy, and to be attached to it, from the pay roll of the company; that this agreement was made after the issuance of the policy and before the death of the deceased Clark."

Plaintiff's position, as disclosed by that offer of testimony, is this: That Clark had contributed twenty-five cents a week for his insurance premium, paying said sum to plaintiff, subject to the call of the insurance company; that it was not called for by the agent of the company until June 10, after Clark's death, but had been paid by the deceased during whatever time following the date of the policy he happened to be in plaintiff's service. Further, that the agent of the company had agreed to take from plaintiff's pay roll the list of employees to be insured, and attach the list to the policy; that this agreement "was made after the policy was issued, but before the death of Clark." It is apparent at a glance that one of the things offered to be proved as a basis of recovery, was an oral agreement between plaintiff and the agent of the insurance company made subsequent to the

date of the policy and altering its terms. In other words, plaintiff seeks to recover not on the written policy, but on an oral modification of it. Suffice to say that whatever other infirmities there may be in plaintiff's case, one fatal to it is that this oral alteration of the original contract is not counted on in the petition. The petition simply declares on the policy itself, averring that in the list of employees mentioned in the schedule attached to the policy, was the name of Ernest Clark and he was killed while covered by the terms of the insurance contract. In point of fact his name was not in the list and he was not insured by the contract as written; hence plaintiff wished to prove, as ground of recovery, a subsequent agreement on the part of the agent of the company to copy the list of plaintiff's employees and attach it to the policy. Granting that such oral proof would have been competent under an appropriate averment, it was incompetent without an averment. [Lanitz v. King, 93 Mo. 513, 6 S. W. 263.]

The judgment is affirmed. All concur.