MRS. ANNA GALLAGHER, Respondent, v. SIMMONS HARDWARE COMPANY and AETNA LIFE INSURANCE COMPANY, Defendants, SIMMONS HARDWARE COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed January 8, 1924.

INSURANCE: Life: Group Insurance: Employer Insuring Lives of Employees: Rights of Beneficiaries: Employer Not Liable. Where an employer took out and paid for group insurance on the lives of certain of its employees and a certificate was mailed to each employee covered, the contract was between the employer and the insurance company for the benefit of the employee, and such employee was the third party for whose benefit the contract was made, and the beneficiary named in the policy, or the proper representative could maintain an action against the insurance company upon that theory, but not against the employer, there being no contract of insurance between the employer and employee.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Franklin Ferriss,* Judge.

REVERSED.

*Smith & Pearcy* for appellant.

*Benj. J. Klene* for respondent.

NIPPER, C.—The Simmons Hardware Company took out a group policy of insurance on the lives of certain of its employees, among whom was James Gallagher, the husband of plaintiff. After this policy was taken out, the Simmons Hardware Company wrote a letter to its employees who were included in this group policy of insurance, stating to them that, by special arrangement with the Aetna Life Insurance Company, the hardware company had contracted for a group life insurance policy to cover the lives of certain employees of the company. Gallagher was advised that he was included in that list. It was suggested to him to name a beneficiary, and in case of his failure to do so, payment would be made to those to whom the hardware company thought it should be made. This letter advised that the insurance was paid for entirely by the hardware company, and all that was expected of the employee was that he would do his part in maintaining that spirit of loyalty and co-opera-tion which had characterized the organization from its beginning. The letter also stated that, in the event of the death of the insured while he retained his place as an employee of the company, during the continuance of the insurance, the amount of insurance then in force "will be paid by us to those you leave behind." Accompany-ing this letter was the following certificate:

"Aetna Life Insurance Company of Hartford, Con-necticut, does insure the life of certain employees of Simmons Hardware Company by a group policy of in-surance, No. 439, issued and delivered to said employees.

Under and subject to the terms and conditions of said policy and application therefor, the life of James Gallagher, an employee, is insured in the sum of four hundred and twenty dollars. The insurance shall be terminated whenever said employee shall leave the employment of the Simmons Hardware Company.

"Dated October 31, 1919; certificate No. 1599."

About the 15th of May, 1920, James Gallagher became sick, and did not report for work at the Simmons Hardware Company again. On the 12th of September, 1920, he died. The plaintiff, his wife, who was designated by him as the person to whom he desired this insurance paid, brought suit against the Simmons Hardware Company and the Aetna Life Insurance Company to recover the amount of the policy. The learned trial judge took the position that the hardware company was liable, and announced his intention of giving a peremptory instruction in the nature of a demurrer as to the defendant Aetna Life Insurance Company, after which the plaintiff dismissed as to the life insurance company, and obtained judgment against the Simmons Hardware Company, after the court had refused to give peremptory instructions in behalf of the hardware company. From this judgment the hardware company appeals.

The trial court took the position that the only question in the case was whether or not the deceased was in the employ of the hardware company at the time of his death, and that the certificate sent to him by the hardware company amounted to an insurance policy. In our opinion, when plaintiff dismissed as to the insurance company, she closed the only avenue she could possibly have to a recovery in this case.

In 31 Corpus Juris, page 967, the rule with respect to liability and the right of recovery on policies of this character, is stated in the following language:

"If a group policy is taken out by an employer for the benefit of his employees, the representatives of a deceased employee may recover on the policy, and the employer is not liable."

In support of this text is cited the case of Carpenter v. Chicago, etc., R. Co., 21 Ind. App. 88. In that case the railroad company had taken out a group policy of insurance covering certain of its employees, but the employees included in the policy were required to pay two dollars a month to the railroad company to cover their *pro rata* share of the premium. Upon such policy being taken out, the railroad company sent a letter and certificate to certain of the employees, very similar to the one sent out by the hardware company in this case. The Indiana Court of Appeals held that there was no contract of insurance between the employer and employee. The contract was between employer and the insurance company for the benefit of the employee, and such employee was the third party for whose benefit the contract was made, and the beneficiary named in the policy, or the proper representative of the deceased, could maintain the action against the insurance company upon that theory. In this case the deceased, who was the insured, was not even required to pay any premium. The certificate mailed to him by the hardware company was merely a statement by the hardware company that he was included in this group policy, and that it was issued for his benefit as well as other employees; and upon the theory that, where one person, for a valuable consideration, makes a promise to another for the benefit of a third person, such third person may maintain an action upon the promise or contract, plaintiff could recover against the insurance company if there was any liability. [State v. St. Louis & S. F. Ry. Co., 125 Mo. 596, 28 S. W. 1074.] Upon this view of the case it becomes unnecessary to discuss other alleged errors.

It follows, therefore, that the judgment should be reversed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.