114 So.2d 139

**Fannie Mae ROBERTS**

v.

**J. A. ROBERTS et al.**

**4 Div. 940.**

Supreme Court of Alabama.

Aug. 13, 1959.

John C. Walters, Troy, for appellant.

Chas. O. Stokes, Ozark, for appellees.

LIVINGSTON, Chief Justice.

Fannie Mae Roberts, the appellant, filed her bill of complaint in the Circuit Court of Dale County, Alabama, in Equity, to construe the will of W. H. Roberts, deceased. She alleged that W. H. Roberts, deceased, left no children surviving him, and that she was one of the heirs at law of W. H. Roberts, deceased. The other heirs at law of W. H. Roberts, deceased, and the heirs of Cora Roberts, the deceased wife of W. H. Roberts, deceased, were made parties respondent to the bill, as was the administrator, with the will annexed, of the estate of W. H. Roberts, deceased. The bill alleged, in substance, that W. H. Roberts died in January, 1957, leaving a last will and testament in which he named his wife, Cora Roberts, as the sole beneficiary, subject to the provisions of Item Three of said will (a copy of the will was exhibited to the bill of complaint); that some days after the death of said W. H. Roberts, and before his will was admitted to probate, Cora Roberts died; that thereafter, the will was offered for probate by the person having custody of same, and, after notice was given to all the next of kin of W. H. Roberts, deceased, the will was duly admitted to probate in the Probate Court of Dale County, Alabama, as the last will and testament of W. H. Roberts, deceased.

The will, after providing for the payment of debts and funeral expenses, contained the following provisions:

"Second

"I do hereby give, will, devise and bequeath unto my beloved wife, Cora Roberts, all of my property, real, personaly, and mixed, of every kind and description to be hers absolutely to do with as she sees fit;

"Third

"I do hereby nominate and appoint my said beloved wife, Cora Roberts, as the executrix of this my last will and testament, and direct that she be exempted from giving bond for the faithful performances of her duties as such executrix. *It is my desire that, upon my death, this instrument be probated as my last will and testament in order to vest title to my property in said beloved wife, Cora Roberts*, and, thereafter, that no further or other proceedings in Court be necessary, the said executrix being hereby expressly exempted from filling (sic) any inventory, making any report of her actions to the Court and from filing in Court any final settlement." (Emphasis supplied.)

The bill further alleges that the heirs at law of W. H. Roberts, deceased, are entitled to his property, and that the provision "It is my desire that upon my death, this instrument be probated as my last will and testament in order to vest title to my property in said beloved wife, Cora Roberts" is a condition precedent to the vesting of title in Cora Roberts; that on the other hand the heirs of Cora Roberts insist that title to the property did vest in Cora Roberts, and upon her death descended to the heirs at law of Cora Roberts; and that, therefore, there is a justiciable controversy as to whether the property descends to the heirs at law of W. H. Roberts or to the heirs of Cora Roberts.

Demurrers were interposed to the bill of complaint and sustained, hence, this appeal.

The only question with which this court will concern itself on this appeal is whether or not the trial court was in error in sustaining the demurrer to the bill of complaint filed under the declaratory judgment act. Title 7, Secs. 156, 157, 159, Code of 1940.

Ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; Evers v. City of Dadeville, 258 Ala. 53, 61 So.2d 78; White v. Manassa, 252 Ala. 396, 41 So. 2d 395; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Water-Works & Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704; Curjel v. Ash, 261 Ala. 42, 72 So.2d 732; Mobile Battle House v. City of Mobile, 262 Ala. 270, 78 So.2d 642.

The principal question for determination on this appeal is whether the will of W. H. Roberts, deceased, is so clear and unambiguous that it needs no construction. If so, there is no need for construction. Lee v. Shivers, 70 Ala. 288; City Bank & Trust Co. v. McCaa, 213 Ala. 579, 105 So. 669. If the will is not clear and unambiguous, then there is a case for construction. Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Smith v. Nelson, 249 Ala. 51, 29 So.2d 335.

If Item 2 of the will, quoted above, stood alone, and pretermitting at this time, a determination of the question as to what effect, if any, the death of Cora Roberts, after her husband's death but before the probate of the will, had on the final disposition of the property, Cora Roberts would unquestionably take a fee-simple estate in all the property of her deceased husband, W. H. Roberts. Title 47, Sec. 14, Code of 1940. Montgomery v. Wilson, 189 Ala. 209, 66 So. 503, and Smith v. Nelson, supra. But the will also contained in Item 3 the following:

"It is my desire that, upon my death, this instrument be probated as my last will and testament in order to vest title to my property in said beloved wife, Cora Roberts."

Whether Item 2 can be taken as standing alone, free of any limitation that may be expressed in Item 3, depends upon the meaning of the quoted provisions of Item 3. The word "desire" used in Item 3 is sometimes merely a precatory expression and is not to be taken as a basis for a devise or bequest. Thomas v. Reynolds, 234 Ala. 212, 174 So. 753; 78 C.J., p. 78. But if necessary to give effect to the intention of the testator, the court will give it a mandatory effect. Reeves v. Tatum, 233 Ala. 455, 172 So. 247; 78 C.J., p. 79.

We think that the word "desire" in connection with the expression "in order to vest title to my property in said beloved wife, Cora Roberts" is sufficiently uncertain in its meaning as to call for a construction in order to arrive at the intention of the testator.

The question of what effect, if any, the death of Cora Roberts after the death of her husband, W. H. Roberts, but before the will was probated, had on the title to the property of W. H. Roberts should be determined by the trial court upon proper pleading and proof.

It is our opinion that the bill of complaint, with the will exhibited to it and made a part thereof, presents a justiciable controversy between the parties. Therefore, it was error to sustain the demurrer. The trial court should have required the respondents to answer, and upon a trial of the issues thus raised, construed the will

and declared the rights of the parties under it. The cause is, therefore, reversed and remanded.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.