126 So.2d 228.

**Curren A. FARMER**

v.

**C. M. RIDDLE.**

**4 Div. 48.**

Supreme Court of Alabama.

Jan. 12, 1961.

J. B. Wiley, Troy, for appellant.

John C. Walters, Troy, for appellee.

STAKELY, Justice.

A bill for a declaratory judgment was filed by C. M. Riddle (appellee) against Curren A. Farmer (appellant) in the equity court. Demurrers were interposed to the bill which were overruled by the court. This appeal comes to this court from that decree.

The bill of complaint in substance shows the following. On April 7, 1954, complainant purchased a lot on Franklin Avenue in the City of Troy, Alabama, known as Lot No. 11 from respondent Curren A. Farmer. Prior to that time Curren A. Farmer had sold Lot No. 12, which adjoins Lot No. 11, to Glenn Yancey and subsequent to that time complainant bought one-half of Lot No. 12 from Glenn Yancey on July 15, 1954.

It is further alleged that the property belongs to the complainant C. M. Riddle and his residence is located thereon. It is known as 221 Franklin Avenue in the City of Troy, Alabama.

It is further alleged that on September 12, 1955, C. M. Riddle (complainant) delivered to Curren A. Farmer (respondent)

a check on the Troy Bank and Trust Company in the amount of $200, with a notation on the check as follows: "Charges for fee for connecting to sanitary line of C. A. Farmer. No other fee will ever be bill against 221 Franklin Ave. for this privilege."

It is further alleged that the respondent Curren A. Farmer collected the check and that at the time of delivery and cashing of the check Curren A. Farmer owned a sanitary line along or near Franklin Avenue and facilities thereto for the disposing of waste and sewage. A number of months thereafter Curren A. Farmer sold the sanitary line at a private sale to the City of Troy, Alabama. Complainant, C. M. Riddle, had no connection with the sale and the City of Troy took no part in the transaction between C. M. Riddle and Curren A. Farmer.

It is further alleged that after the aforesaid private sale by Curren A. Farmer to the City of Troy, the City of Troy enacted an ordinance and levied a fee of $1 per month thereafter for connecting to the aforesaid sanitary line or for being connected to the line, it being further alleged that the first of said fees commenced in December, 1958.

It is further alleged that prior to paying the aforesaid fee in December, 1958, C. M. Riddle requested Curren A. Farmer to pay the same and Curren A. Farmer has failed or refused to pay the same. It is further alleged that thereupon the complainant paid the December fee and the January, 1959, fee, all under protest and reservation of his rights and will continue to pay the said fee under protest and reservation of his rights until this cause is judicially determined.

It is further alleged that complainant caused his attorney to write a letter to Curren A. Farmer at his address Normal Avenue in the City of Troy, Alabama. The letter was so addressed to Curren A. Farmer in a sealed envelope and duly mailed to him through the United States mail, first class mail, postage fully prepaid on December 4, 1958, and that this letter was never returned to the sender. The letter is attached as an exhibit to the bill of complaint and made a part thereof. The letter reads as follows:

> "John C. Walters
> "Attorney
> "Troy, Alabama
>
> "Mr. Curren A. Farmer
> "Normal Avenue
> "Troy, Alabama
>
> "Dear Sir:
> "On September 14th, 1955, Mr. C. M. Riddle gave you a check as 'charges for fee connecting to sanitary line of C. A. Farmer, No other fee will ever be against 221 Franklin Avenue for this privilege.'
> "The check was $200.00. Since then you have sold your line and the City has rendered Mr. Riddle a bill of $1.00, which will be each month, because of his being connected to the sanitary line.
> "Mr. Riddle requests that you make arrangements with the City now relieving him from the payment of all such charges. If you do not want to do that Mr. Riddle is willing that you refund him $150.00 of the $200.00 he paid you, you retaining $50.00 for the normal tappage or connecting charge.
> "Please advise.
>
> "Yours truly,
> "JCW/dg         John C. Walters."

It is further alleged that complainant is entitled to a declaratory judgment, declaring the status of the parties under the provisions of the aforesaid check which is a contract and that the complainant "would be entitled to a declaratory judgment, compelling the respondent to pay to him $1.00 per month or any other additional fees of similar nature, either to complainant personally or the owner of the property 221 Franklin Avenue, thereafter, or such for the use and benefit of the city or that he be required to refund $150.00 as set forth in the aforesaid letter."

The complainant submits himself to the jurisdiction of the court and offers to do and perform all equity, asking for such other and additional relief as to which he may be entitled etc.

■ I. It is insisted by the appellant that demurrer should have been sustained to the bill since the City of Troy is a necessary party to the bill and should have been named as a respondent to the bill. We do not agree. No relief is sought in the bill against the City of Troy nor is there any averment in the bill that the ordinance is invalid or unconstitutional. See § 166, Title 7, Code of 1940.

In Averett v. Averett, 243 Ala. 357, 10 So.2d 16, 19, this court said:

"Where full and complete relief may be had between parties before the court, third persons who have had a hand in bringing about the equities involved, but against whom no relief is sought, are not necessary parties, if respondents are not prejudiced by their absence. * * *"

In McCall v. Nettles, 251 Ala. 349, 37 So.2d 635, 637, this court also said:

"Since this is a statutory proceeding for a declaratory judgment, the court has the power to settle the controversy which exists between complainants and respondents. If someone else has a collateral interest, the statute would not require his presence in court in the controversy alleged to exist between those who are parties. Of course his rights would not be concluded. He is not a necessary party, and, therefore, the ground of demurrer on that point is not well taken."

■ II. It is further argued that a bill for a declaratory judgment filed in equity which does not seek to obtain a declaration of rights, status or other legal relations but merely prays for a money judgment, is demurrable. We find no merit in this contention. This court has often held that if a bill of complaint in an action for a declaratory judgment states the substance of a bona fide justiciable controversy which should be settled, a cause of action is stated and demurrers thereto should be overruled. Rogers v. Lumbermans Mutual Casualty Co., Ala., 124 So.2d 70[1]; Mobile Battle House v. City of Mobile, 262 Ala. 270, 78 So.2d 642; American Automobile Ins. Co. v. English, 266 Ala. 80, 94 So.2d 397. We think that the bill shows a bona fide justiciable controversy between the parties with reference to the alleged contract and the money paid by C. M. Riddle to Curren A. Farmer and that a declaratory judgment proceeding is a proper method for establishing the rights and status of the parties under this contract.

■ The fact that relief is sought by way of a money judgment in the event the complainant is entitled to a declaratory judgment in his favor, is no detriment to the procedure which has been followed in seeking a declaratory judgment. Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69.

III. It is argued that construing the pleadings against the pleader, the bill shows that the city ordinance is for a service charge while the payment made by complainant to respondent is for a connection charge. This court has held that there is a distinction between a "service charge" and the "cost of connection" to the sewerage system. "The former is for the daily use of the system, payable by the one who uses it unless the contrary is clearly expressed. The latter occurs but one time and that is at the time of the connection." City of Leeds v. Avram, 244 Ala. 427, 14 So.2d 728, 730. We believe, however, that the nature of the charge can be better determined after answer and such evidence as may be presented. We, therefore, are not willing to reverse the decree of the lower court for this reason.

■ IV. It is lastly argued that the complainant has an adequate remedy at law

1. Ante, p. 348.

and, therefore, he is not entitled to file a bill for a declaratory judgment. This is not the law of this state since the enactment of the Act approved October 9, 1947, Acts 1947, at page 947. This Act now appears as § 167, Title 7, 1955 Cumulative Pocket Part, Code of 1940. Rogers v. Lumbermans Mutual Casualty Co., ante, p. 348, 124 So.2d 70, and cases cited therein.

We conclude that the decree of the lower court should be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.