219 So.2d 849

Charlie M. WHITE et al.

v.

BROOKLEY FEDERAL CREDIT UNION et al.

I Div. 465.

Supreme Court of Alabama.

Sept. 26, 1968.

Rehearing Denied March 6, 1969.

Sam W. Pipes, III, and Irwin W. Coleman, Jr., Lyons, Pipes & Cook, and Wm. L. Green, Mobile, for Brookley Federal Credit Union.

J. Jeptha Hill and Ben H. Harris, Jr., McCorvey, Turner, Johnstone, Adams & May, Mobile, for Mutual Life Ins. Co., for appellee.

———◆———

Curtis Moody, Mobile and C. Lenoir Thompson, Bay Minette, for appellants.

Howell, Johnston, Langford & Finkbohner, Mobile, amicus curiae.

PER CURIAM.

This appeal originated in the circuit court of Mobile County, in equity, wherein the trial judge sustained demurrers of respondents to a declaratory petition that appellants filed with respect to their rights, if any, in a disability and life insurance policy that insured appellant, Charlie M. White, in an amount not exceeding an indebtedness of the said White to Brookley Federal Credit Union. The said indebtedness was evidenced by a promissory note signed by the said White as principal, with E. C. Mixon, appellant, and five others as accommodation co-makers. Only White and Mixon are parties to this appeal.

While the final decree sustaining respondents' demurrers for the fifth time did not say that the petition or proceeding was being dismissed because of the absence of equity, we think a fair inference supports that ground. The decree recited that the bill of complaint, as last amended "herein is without equity, * * * and in the opinion of the court, the said bill of complaint cannot be further amended so as to give it equity." Then follows an adjudication of sustention and dismissal.

We will confine our opinion to this one pivotal ground. This court has often held that if a bill of complaint in an action for a declaratory judgment, as here, has equity, or states the substance of a bona fide justiciable issue which should be settled, a cause of action is stated and demurrer thereto should be overruled. Farmer v. Riddle, 271 Ala. 559, 126 So.2d 228(2). Consideration of the other grounds of demurrer would have unnecessarily burdened the trial court and this opinion.

The respondent Brookley Federal Credit Union is a lending agency composed of stockholders and shareholders, who are employees of Brookley Field, including complainants, with paid membership dues, or at least the complaint so alleges. Appellant White, so it is alleged, was indebted on a note (with accommodation co-makers) to said Credit Union, of which he was a member, when he became totally and permanently disabled within the terms of an insurance policy hereinafter referred to.

When such disability occurred, the respondent Minnesota Mutual Life Insurance Company, (hereinafter referred to as the "Company"), had in force and effect an insurance policy on the lives and health of members of the Credit Union (including White) who were indebted to said organization. The policy that was issued to respondent Credit Union stated insurer would pay to said Credit Union the amount of insurance then in force on the life of the member immediately upon receipt of proof of death, or permanent and total disability. The insurance was to reduce or extinguish insured's indebtedness to the Credit Union. The insurance was to be paid to the Credit Union and not to the member of such Union. The policy, a copy of which is attached to the complaint as an exhibit, provides that the premiums "shall be paid by the Credit Union to the Company in exchange for official receipts signed by the Secretary of the Company."

We have examined the policy exhibit and find therein several provisions or paragraphs which we think are pertinent to the issue of equity vel non in the complaint as last amended.

Provision is made for the Credit Union to renew the policy on each policy anniversary, for a term period of one year, subject to further provisions of the policy. The policy was renewed, and was in full force and effect, so the complaint alleges, when complainant became totally and permanently disabled.

With respect to eligibility, the policy provides that all members under the age of 70 who were indebted to the Credit Union on the date of issue of the policy, or who become indebted on, or subsequent to, the date of issue of the policy, shall be eligible for insurance under the policy.

If two or more persons shall be jointly indebted to the Credit Union, only the member whose name first appears on the evidence of indebtednss shall be eligible for insurance under the policy.

The effective date of the permanent and total disability benefit insurance shall be the date the member supplies evidence of insurability, including good health, satisfactory to the company.

If a member furnishes due proof that he has become totally and permanently disabled while insured under the Total and Permanent Disability Benefit coverage, provided by the policy, etc., the company will pay the amount of *his* insurance to the Credit Union to reduce or extinguish the amount of his indebtedness to the Credit Union.

The payment of a claim because of permanent and total disability shall terminate *his* coverage under the policy and he shall no longer be eligible for *loan protection coverage* under the policy.

The amount of insurance payable at the death or upon total and permanent disability of any insured member will be paid immediately to the Credit Union by the Company upon due proof furnished by the Credit Union of the death or total and permanent disability of the insured, together with a statement of an officer of the Credit Union of the insurable loan balance.

The policy also provides that if the number of new loans to members becoming insured under the policy during any policy year is less than 100, the Company * * may decline to insure additional members thereafter. *"Such declination shall not affect the right of Members already insured to continue their insurance under this policy."* [Emphasis supplied.]

To illustrate that the policy is a group policy, it provides that no member shall be eligible who has converted his insurance hereunder to an individual policy.

It provides that a "member" as used in the policy shall mean any person who becomes a shareholder in the Credit Union.

A conversion provision entitles a member to convert all or part of his insurance

so terminated to an individual policy of life insurance.

The policy contains the following provision: "The Company will provide the Credit Union with certificates of participation for delivery to each insured Member, setting forth the benefits to which each insured Member is entitled under this policy and summarizing the provisions of this policy principally affecting the insured Member."

The policy also states: "The Insured is hereby notified that by virtue of *his* policy he is a member of the Minnesota Mutual Life Insurance Company, and that the Annual Meetings of said Company are held in its Home Office on the first Tuesday in March of each year at three o'clock in the afternoon."

Lastly, there appears on the policy that it is a "Group Life Insurance Policy, Annual Renewable Term, Annual Dividends, Non Contributory."

The specific prayer (aside from the general prayer) of the bill is as follows:

"Complainants further pray that upon a hearing of this cause, this Court will construe said contract of insurance issued by the Respondent Mutual Life Insurance Company of Minnesota, a corporation, for and in behalf of your complainant, Charlie M. White, and will enter a declaratory judgment in said cause * * * decreeing that the said Minnesota Mutual Life Insurance Company respondent herein shall be required to pay over to said Brookley Federal Credit Union or to your complainant, Charlie M. White, the balance owed on said White's note on the date of his said disability determination.

"And further, in the alternative decreeing that the said W. A. Sawyer and Brookley Federal Credit Union because of their failure to carry out the provisions existing at the time said note was executed, such failure constituted negligence and that said parties are therefore liable to your said complainants for the unpaid balance of said note as of the date of the complainant White's disability and that said moneys so determined to be payable to your complainants as a result of said negligence shall be applied to the indebtedness of complainant, Charlie M. White as of the date of the determination of his permanent disability and that all moneys collected from your complainants subsequent to that date be refunded to your said complainants."

It is here to be noted that the complaint alleges:

"That while complainants were insured as aforesaid defendant, W. A. Sawyer, an agent, servant or employee of defendant Brookley Federal Credit Union, and while acting within the line and scope of his employment as such, and with full knowledge that the loan of complainant Charlie M. White was full (sic) insured by defendant Minnesota Mutual Life Insurance Company of Minnesota, a corporation, did conspire and agree with defendant Minnesota Mutual Life Insurance Company of Minnesota, a corporation, to attempt to collect the balance due from complainant, Charlie M. White, at the time he became permanently and totally disabled in order to relieve defendant Minnesota Mutual Life Insurance Company * * * from paying said balance due to defendant Brookley Federal Credit Union * * *."

It appears to us that the complainant White, as the principal debtor to the Credit Union, has such an interest in the collection of the disability insurance, if in fact he is disabled within the purview of the policy, that he should be allowed to prosecute the instant suit to determine his rights to relief pursuant to the allegations of the bill of complaint, as last amended. Proof to support the allegations of the amended complaint is a burden cast on the complainants, and the extent and kind of

relief to which they are entitled, if any, is addressed to the trial court on final submission of the cause.

■ We pretermit saying that the accommodation co-makers of the principal's note to the Credit Union are necessary parties to the suit, but we do think they are at least proper parties inasmuch as they, too, along with the principal, Mr. White, are responsible for the payment of the debt represented by the note. They are interested in the collection.

■ Payment of the disability benefits under the terms of the policy are to be made to the Credit Union to liquidate the debt of the principal, Mr. White, to said Credit Union, which also is interested in collecting the debt. It may pursue payment out of the obligors on the note or may try to collect out of the insurance. But if it fails and refuses to collect from the insurer, we do not think that such failure and refusal should foreclose the rights of the insured to protect himself against payment of the debt which the insurer obligated itself to pay in the event disability should overtake the insured and for which protection it received a premium.

■ It does not comport with reason that the insurer should be allowed to escape its just obligation to pay, for which it received a consideration, just because the premium was paid by the payee of the policy. The insurer was informed when it issued the policy that it was for the protection of the creditor, and also that such payment would relieve the obligors on the note to pay the debt.

■ Certainly, the Credit Union could not lawfully collect the insurance and refuse to credit the note. In such collection it would be acting as the agent or trustee of the insured with a definite duty to credit the note to the extent of the insurance collected.

The Credit Union paid the premium and entered into the contract with the awareness that the insurance was not for its sole benefit, but for the benefit of itself and the insured.

To the extent that the insurance may be applied to the debt, in accordance with the contractual arrangement expressed in the policy, we think the insured had such a direct interest that he should be permitted to prosecute his declaratory petition here under consideration.

It is true that the insured, Mr. White, is not named as beneficiary in the policy. We think, however, that pursuant to the provisions of the policy, to some of which we have referred to, supra, Mr. White was not a stranger. The policy refers to the insurance as that of the insured. It provides for a continuance of the life insurance by the insured under certain conditions.

■ There is no provision in the policy that the insurer, upon payment of the debt in whole or in part, would be subrogated thereto. The absence of such a provision indicates that the insured was to be protected against death or disability to the extent of the debt.

It is common knowledge that company credit unions are generally set up as a help to employees in obtaining loans for their benefit. They are not engaged in the loan business, except to satisfactory employees of the employer. The employees, as here, pay membership fees which entitle them to enjoy the help and benefits which otherwise might not be available to them. Such credit unions are not considered profit making institutions for the benefit of persons not company employees. The employees who belong to the credit union are interested in its progress and protection.

We might again observe that the policy, here involved, is one of group insurance for the benefit of complainant, Mr. White,

and others, although the policy designates the Credit Union as the beneficiary to collect the proceeds. But, in such appointment and collection said Credit Union is a trustee or agent of the insured. Mutual Benefit Health & Accident Association of Omaha v. Bullard, 270 Ala. 558, 120 So.2d 714(5), and cases cited.

We also observe that the Credit Union had no insurable interest in disability or life insurance on Mr. White, except to the extent of credit extended to him.

In Protective Life Ins. Co. v. Moore, 228 Ala. 476, 153 So. 751, at page 753, is the following:

"In 8 Couch, § 2094, it is stated:

"'Parties to action on policy of group insurance.—Since a contract for group insurance is between the employer and the insurer for the benefit of the employee, the right of action by the employee or his beneficiary or representative is against the insurer, and not against the employer, between whom and the employee there is no contract of insurance. In other words, since the purpose of group insurance is to insure the lives of employees for their benefit, they are the real parties in interest, and even though the employer is the nominal beneficiary, he is merely a trustee of the employees, *or an agent for distribution*, and the beneficiary or his personal representative is the real party in interest, and may sue on the contract, even though the policy was a gift.' (Italics supplied.)"

We also noted in Mutual Benefit Health & Accident Association of Omaha v. Bullard, supra (3–5), that in "several cases involving policies of group insurance the courts have held that the policies were for the benefit of the employee, although the policy designated the employer as the beneficiary to collect the proceeds. See Carruth v. Aetna Life Insurance Company, 157 Ga. 608, 122 S.E. 226; Mandeville Mills v. Milam, 39 Ga.App. 768, 148 S.E. 418; Fidelity & Casualty Company v. Bal-

lard & Ballard, 105 Ky. 253, 48 S.W. 1074; United Zinc Cos. v. General Accident Assurance Corporation, 125 Mo.App. 41, 102 S.W. 605; 144 Mo.App. 380, 128 S.W. 836; In re Hooper's Estate, 146 Misc. 151, 261 N.Y.S. 585; Gallagher v. Simmons Hardware Company, 214 Mo.App. 111, 258 S.W. 16."

We have read with careful interest the case of Murray v. Life Insurance Company of Georgia, 107 Ga.App. 545, 130 S.E.2d 767. We are unwilling here to accord that case the full import which appellees contend. We are not convinced from the opinion that the policy there involved contained provisions coinciding with many of the provisions of the instant policy, and to which we have made reference. If so, we are not persuaded the decision should be followed in the instant case. We prefer to follow the import of our case, Mutual Benefit Health & Accident Association of Omaha v. Bullard, supra.

We hold that the Credit Union is only an agent or trustee for the insured, Mr. White, to collect the insurance, and that the insured Mr. White is a real party at interest, with full authority to prosecute the instant declaratory petition. The complaint, as last amended, alleges a justiciable issue and has equity.

The decree of the trial court sustaining demurrers to the petition and dismissing the bill of complaint should be reversed and the cause remanded. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.

ON REHEARING

Appellees now contend that the effect of the opinion, supra, is to overturn some of

our pronouncements in Butler v. Olshan, 280 Ala. 181, 191 So.2d 7, and in Stephens v. Stephens, 280 Ala. 44, 189 So.2d 782, wherein these (and other) cases hold that by assigning error that the circuit court erred in sustaining demurrer, the appellant asserts and, therefore, assumes the burden of showing that all grounds of demurrer are bad, or, in other words, that no ground is a good ground.

We have no intention in this case of changing or disturbing the aforementioned pronouncements which we hold do not have application to a petition, as here involved, for a declaratory judgment. We have held by a long line of decisions that where a bill for a declaratory judgment shows a bona fide justiciable controversy, which should be settled, the demurrer thereto should be overruled, and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. East Gadsden Bank v. Bagwell, 273 Ala. 441, 143 So.2d 438(6); Adams Supply Company v. United States Fidelity & Guaranty Company, 265 Ala. 178, 182, 90 So.2d 284, 287(1); Roberts v. Roberts, 269 Ala. 441, 114 So.2d 139(1); 7A Ala. Digest, Declaratory Judgments, page 232, ☜325.

If the complaint contains sufficient factual allegations to support a justiciable controversy between the parties, we do not think it is necessary for the appealing complainant to argue any of the grounds of demurrer except the ground which challenges the sufficiency of the factual allegations to support the justiciable controversy. These additional grounds may be treated as surplusage and inapposite to the permissible issue, that is, the existence of a justiciable controversy. To hold otherwise, would not only burden the appellants, but also this court. The central issue is the presence vel non in the declaratory complaint of factual allegations that present a justiciable issue between the parties. Defects otherwise subject to demurrer in other types of complaint are not the subject of demurrer in a declaratory petition.

If the complaint for a declaratory judgment contains sufficient factual allegations to present and support a justiciable issue, any conclusions drawn therefrom and alleged, pertinent to the factual allegations or independent of them, should also be treated as surplusage, and not subject to demurrer. A pivotal necessity is the presence in the complaint of factual allegations that give support to justiciable issues. However, we think the complainant, or his counsel, should not burden the complaint with unnecessary or irrelevant conclusions that have no place in the pleading, to the end that the complaint may be brief and concise, and not burden the respondent, his counsel, or the court with surplus allegations.

We pretermit consideration or discussion as to the rights of the accommodation endorser here made party complainant, to proceed alone with this petition and without the principal on the note. He is here joined with the principal in filing the complaint for a declaratory judgment. He is a proper party at least and is interested in the result of this suit. If the respondent insurance company pays the debt, then the endorser is freed of an obligation to pay.

We think it unnecessary to detail the factual allegations that are present in the complaint shown on pages 101 et seq., of the transcript, and filed on February 2, 1967. Suffice it to say that there are factual allegations which support a justiciable issue for consideration of the court. These allegations are sufficient without the aid of conclusions drawn therefrom or giving effect thereto. The trial court erred in dismissing this complaint.

The foregoing extension of opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Opinion extended and application for rehearing overruled.

All the Justices concur.