219 So.2d 857

**William A. HARRISON et al.**

v.

**BROOKLEY FEDERAL CREDIT UNION et al.**

I Div. 464.

Supreme Court of Alabama.

Sept. 26, 1968.

Rehearing Denied March 6, 1969.

Curtis L. Moody, Mobile and C. Lenoir Thompson, Bay Minette, for appellants.

Sam W. Pipes, III, Irwin W. Coleman, Jr., Lyons, Pipes & Cook and Wm. L. Green, Mobile, for Brookley Federal Credit Union.

J. Jeptha Hall and Ben H. Harris, Jr., McCorvey, Turner, Johnstone, Adams & May, Mobile, for Minnesota Mutual Life Ins. Co.

COLEMAN, Justice.

Reversed and remanded on authority of White v. Brookley Federal Credit Union et al., Ala., 219 So.2d 849, decided this day.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and KOHN, JJ., concur.

## ON REHEARING

COLEMAN, Justice.

On original deliverance, the decree appealed from was reversed and the cause remanded on authority of White et al. v. Brookley Federal Credit Union, ante p. 597, 219 So.2d 849.

On rehearing, appellees point out that in the bill of complaint as last amended, complainants seek to have declared their rights under a policy providing for disability insurance, but attach to the policy as an exhibit a policy for life insurance. In the application for rehearing, appellees say:

"7. Based on this Court's adjudication in this cause that the rule in Alabama is that creditors (sic) have enforceable rights under such group credit disability insurance policies, the Court should properly decree that the bill of complaint does contain equity on this point, but the Court erred in ignoring other valid grounds of demurrer, the Court should remand this cause with instructions to permit this demurrable defect to be cured by amendment, and should not hold the trial court to be in error for sustaining demurrers which were valid on numerous different grounds."

We agree that the bill of complaint should be amended to eliminate the defect. The

court should have allowed amendment for that purpose.

Opinion extended.

Application for rehearing overruled.

All justices concur except BLOOD-WORTH, J., not sitting.