254 So.2d 318

Ben A. GARLAND et al.

v.

AAA BUILDERS, INC., a Corp., et al.

3 Div. 441.

Supreme Court of Alabama.

Sept. 30, 1971.

Rehearing Denied Nov. 18, 1971.

Capell, Howard, Knabe & Cobbs, Montgomery, for appellants.

Azar, Campbell & Azar, Montgomery, for appellees.

SIMPSON, Justice.

This case arose out of the following:

AAA Builders, Inc. (hereinafter referred to as AAA) filed a bill for declaratory judgment in Montgomery County against Ben A. Garland and Apala Watson Garland, Hammond Plumbing & Heating Company, Peavy Lumber Company, and Montgomery Ready Mix, Inc., alleging that it was in the construction business and had entered into a joint undertaking with the Garlands by which it and the Garlands were to construct a residence for the Garlands on the Garlands' property in Elmore County. The complaint alleged that complainant AAA was to supervise the building and obtain the labor and materials necessary to construct the house on a "cost plus ten" basis.

It was averred that a dispute had arisen between AAA and the Garlands and the respondent suppliers as to who should pay obligations outstanding and whether the Garlands owed AAA for services, and if so, how much, and further a dispute had arisen as to how much, if anything, was due to the other respondents who furnished materials; that the Garlands had

refused to acknowledge the indebtednesses due the suppliers and subcontractors, including the three suppliers named respondents and had notified these suppliers that AAA held funds belonging to the Garlands with which to pay the indebtednesses due them.

The complaint asked the court to determine the amounts due the suppliers and to declare who between the complainant and the Garlands was obligated to pay these indebtednesses, and to relieve AAA from any obligation to these respondents.

The suppliers filed answers admitting that the Garlands had refused to acknowledge their indebtednesses and that a controversy existed between the parties, but neither admitted nor denied the other allegations of the bill.

The Garlands filed a plea in abatement contending that the supplier respondents were not material parties to the bill and that therefore the proper venue was Elmore County, where they resided. After this plea was overruled they filed answer stating that there was an agreement between AAA and themselves whereby AAA was to construct a residence at the total cost of $42,000 and as compensation was to receive an amount up to 10% of the cost of materials which it purchased, but that that amount was to be paid only out of any savings under the $42,000 ceiling agreed upon.

The court heard the testimony of many witnesses and entered a final decree finding that:

1. In the building and construction of the residence for the Garlands that the complainant AAA and its president, Joseph A. Haponski, were the agents of the respondents Garlands insofar as and with respect to the matters of arranging for the necessary labor, materials and subcontractors, and although bills and obligations for these items were secured in the name of and charged to AAA, the obligations were intended to be the personal indebtedness and obligation of the Garlands;

2. That the Garlands were responsible for the outstanding obligations due the suppliers named in the bill;

3. That funds paid by the Garlands to AAA or its president Haponski in accordance with an agency agreement between the Garlands and AAA and its president, were applied in accordance with the agency agreement in the payment of claims for labor, material and subcontracts as well as overhead and supervision fees due AAA, and that neither AAA nor its president continued to hold any funds of the Garlands;

4. That AAA was not entitled to any further fees or commissions from the Garlands in connection with the project;

5. That the respondent material suppliers be required to propound claims for materials supplied on the house by filing with the court sworn itemized statements and that the Garlands be given 15 days to file objections to such claims.

From the final decree thus rendered, the Garlands have brought this appeal.

■ It is first argued that the court below erred in overruling the plea in abatement filed by the Garlands. It is the contention of the appellants that the action should have been brought in Elmore County, the county of their residence.

Title 7, § 166, Code of Ala. 1940 (Recompiled 1958) dealing with actions for declaratory judgment, provides:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration * * *."

Here the material suppliers were made parties defendant. They "reside" in Montgomery County. The appellants claim they are not material defendants under the provisions of Title 7, § 294, Code:

"The bill must be filed in the county in which the defendant, or a material defendant, resides * * *."

We cannot agree with the appellants. The thrust of the Bill of Complaint in this case was to state that a justiciable controversy existed between AAA and the appellants as well as the respondent suppliers as to who was obligated to pay the outstanding indebtednesses of these suppliers. The appellants had disclaimed any responsibility for the payment of these amounts and the complainant contended that it did not owe these amounts, although it had been billed for them, but that in reality they were indebtednesses of the Garlands, the appellants. These suppliers surely had an interest which could be affected by the declaration. They were in our judgment material defendants under the provisions of § 294, supra. It was around their claims that part of the controversy between AAA and the Garlands arose. One item of relief prayed for was a decree exonerating the complainant from liability to the suppliers. Clearly then, these suppliers were material defendants in the case. See Copeland v. Loeb, 269 Ala. 295, 112 So.2d 475.

The next argument advanced by the appellants is that the court below erred in overruling the demurrer to the bill on the ground that there was an adequate remedy at law. The argument is that ultimately nothing was involved except matters that could be compensated in money. While this may be true, an actual controversy did exist between the parties. The appellants had denied any responsibility for the debts outstanding, claiming that the agreement which they had with AAA required AAA to procure labor and materials to build the house for no more cost to the appellants than $42,000, and to take its compensation for this undertaking from any amounts under $42,000 which the house might ultimately cost. The complainant on the other hand contended that the agreement entered into provided that it was to be paid 10% on the cost of labor and materials procured to build the house, and that there was no agreement that the house could be built for $42,000.

These facts constitute a justiciable controversy between these parties. We have often held that a demurrer to a bill of complaint seeking declaratory relief should be overruled if the bill shows a justiciable factual controversy between the parties which should be settled. Muscogee Const. Co. v. Peoples Bank and Trust Co., 286 Ala. 258, 238 So.2d 883; White v. Brookley Federal Credit Union, 283 Ala. 597, 219 So.2d 849. In Southeastern Sand & Gravel Co. v. Newell Roadbuilders, Inc., 282 Ala. 431, 212 So.2d 598, the holding was that no error resulted in overruling a demurrer to a bill for declaratory judgment which sought a determination that there was no binding contract between the parties, where the ground of demurrer contended that the bill sought a declaration of a controversy presenting purely legal as opposed to equitable issues. We think that principle applicable here. There is no merit to those contentions made by the appellants to the effect that the court erred in overruling the demurrer to the bill on the ground that an adequate remedy existed at law and that the court erred in entering the decree because there was no equity in the bill.

The only other assignments of error argued are to the effect that the court erred in conclusions it reached on the facts.

The complainant below, AAA, put on evidence to establish its version of the controversy between the parties. Its version was that the Garlands had sought its services in building a house; that AAA had agreed to supervise the construction of the house, procure labor for that purpose and materials for that purpose. For these services it was to receive 10% of the price of labor and materials, and that there was no ceiling agreed upon. The plans and specifications for the building of the structure were drawn by an architect. It was a two story structure, containing some 4,200 square feet of living space. The president of AAA testified

that his own house, across the street from the house to be built, was approximately the same size and had cost about $58,000. AAA undertook to supervise the construction of the house and submitted bills to the Garlands for three months running. Three times the Garlands remitted to AAA the amount of the bills submitted to them for amounts incurred for materials and labor, plus 10% for supervision, for a total of $33,530.92, before a dispute arose between the parties and AAA quit supervising the work. Bills which were not paid out of this amount were the subject of the controversy. Some suppliers who were named respondents' had not been paid. The Garlands denied that these bills were obligations of theirs, but contended that they were obligations of AAA, which they said held their money for the payment of the same.

The Garlands further contended that the agreement which they had with AAA called for the construction of the house for no more than $42,000 and that AAA was to make any money it was to receive out of what it "saved" from this figure. They contended that AAA should pay them the difference between what the house actually cost ($58,000) and $42,000. The parties offered strikingly different stories as to the agreement they had.

■ The trial court heard all of the evidence adduced below and concluded that the Garlands were obligated to pay the suppliers; that AAA had received 10% on the amount of labor and materials furnished before leaving the job and was entitled to no more. The trial court, after hearing all of the evidence, believed the version of the story presented by the complainant below. There was abundant evidence to support this conclusion. It is our duty where the decree rendered below is fairly supported by credible evidence, to affirm. City of Prichard v. Geary, 268 Ala. 243, 105 So.2d. 682; 2A Ala. Digest, Appeal & Error, ☞1008(1).

No further assignments of error having been argued, the decree appealed from is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, BLOODWORTH, and McCALL, JJ., concur.